•           •           • 
 • • •





MEMORANDUM OPINION

No. 04-09-00612-CV

Fructuoso SAN MIGUEL,
Appellant

v.

CITY OF LAREDO,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2008-CVF-00993-D3
Honorable Elma Salinas-Ender, Judge Presiding
 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed: July 14, 2010

AFFIRMED
            Appellant Fructuoso San Miguel sued the City of Laredo for violations of the Texas Open
Meetings Act (“TOMA”). The trial court granted the City’s motion for summary judgment and
dismissed all of appellant’s claims. We affirm. 

FACTUAL BACKGROUND
            After the former police chief of the City of Laredo was convicted of corruption, the City
initiated a selection process to hire a new police chief. Appellant was among the finalists under
consideration for the position. In the end however, the City Manager appointed Carlos Maldonado,
and the City Council confirmed the appointment. Thereafter, appellant brought suit under TOMA
challenging the recruitment, selection, appointment, and ratification of Maldonado as the new chief. 
In his lawsuit, appellant alleged the City violated TOMA at a number of meetings. Appellant sought
(1) a judicial declaration that the City Council violated TOMA and the decision to hire Maldonado
was null and void because the decision was reached in violation of TOMA and (2) a writ of
mandamus to prevent the City from continuing to violate TOMA. The City moved for a traditional
summary judgment, which was granted. This appeal ensued.STANDARD OF REVIEW
            When, as here, a defendant moves for a traditional summary judgment, the defendant has the
burden of establishing as a matter of law that no genuine issue of material fact exists as to one or
more essential elements of the plaintiff’s cause of action. See Casso v. Brand, 776 S.W.2d 551, 556
(Tex. 1989); Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). If the defendant
meets this burden, the plaintiff must then raise a genuine issue of material fact on that element. See
Haynes v. Beceiro, 219 S.W.3d 24, 27 (Tex. App.—San Antonio 2006, pet. denied). 

DISCUSSION
            Appellant alleged the selection of the new police chief occurred over a series of eight
meetings all of which involved violations of TOMA. The City’s motion for summary judgment was
based on its argument that the notice of each meeting complied with TOMA.



            “Every regular, special, or called meeting of a governmental body shall be open to the public,
except as provided by this chapter.” Tex. Gov’t Code Ann. § 551.002 (Vernon 2004). A
governmental body is required to give notice of the “subject of each meeting held by the
governmental body.” Id. § 551.041. The notice must be sufficiently specific to alert the general
public to the topics to be considered at the upcoming meeting. City of Laredo v. Escamilla, 219
S.W.3d 14, 19 (Tex. App.—San Antonio 2006, pet. denied). “As long as a reader is alerted to the
topic for consideration, it is not necessary to state all of the consequences which may flow from
consideration of the topic.” Cox Enters., Inc. v. Board of Trustees Of Austin ISD, 706 S.W.2d 956,
958 (Tex. 1986). Any action taken in violation of TOMA is voidable. Tex. Gov’t Code § 551.141.
            The first meeting occurred on October 30, 2007; however, appellant presents no specific
complaint about this meeting. The second meeting occurred on December 17, 2007 and the notice
for that meeting noted a staff report as follows: “Presentation . . . regarding the recruitment progress
of the Chief of Police position and explore the feasibility of hiring a professional recruiter, with
possible action.” At the meeting, the City Council authorized the City Manager to: (1) “make the
salary negotiable with the possibility of finding out how the applicants meet” certain education
requirements; (2) hire a recruiter for a fee not to exceed $30,000; and (3) “indicate something other
than municipal police experience.” On appeal, appellant’s complaint appears to be that the notice
failed to actually state the “subject” of the meeting. We disagree. The notice alerted the general
public that a progress report would be provided to City Council and possible action might result
based on consideration of the report. Making the salary negotiable, exploring the educational and
work-experience requirements for the position, and retaining a professional recruiter are all
consequences that flow from consideration of the subject of the meeting. Therefore, we conclude
no TOMA violation occurred with regard to the December 17, 2007 meeting.
            The third meeting occurred on January 7, 2008 and the notice for that meeting stated the City
Council would consider authorizing the City Manager “to enter into a contract with Mercer Group;
not to exceed $30,000.00 to conduct a comprehensive search to recruit a Police Chief for the City
of Laredo.” The agenda from the meeting indicates the City Manager received the necessary
authorization. Appellant alleges that, during the council meeting, the City Manager said the Mercer
Group would have “no more than 75 days,” which according to appellant put the deadline to submit
applications for the chief of police position at March 22, 2008. Appellant contends Maldonado
actually submitted his application, with no notice to the public, sometime after March 22nd. We find
no TOMA violation because the notice of the meeting indicated the City Council would consider
entering into a contract with the Mercer Group, which is exactly what transpired when the City
Manager was authorized to enter into the contract. The fact that a verbal deadline for submitting
applications was mentioned at the meeting and a candidate allegedly submitted his application after
that deadline does not amount to a TOMA violation.
            The fourth meeting occurred on April 7, 2008 and the City Council met in executive session. 
TOMA requires a governmental body to “either keep a certified agenda or make a tape recording of
the proceedings of each closed meeting, except for a private consultation permitted under Section
551.071.” Id. § 551.103(a). The presiding officer must certify that any such agenda is a true and
correct record of the proceedings. Id. § 551.103(b). The certified agenda must include the
following: “(1) a statement of the subject matter of each deliberation; (2) a record of any further
action taken; and (3) an announcement by the presiding officer at the beginning and the end of the
meeting indicating the date and time.” Id. § 551.103(c). Appellant contends the certified agenda
of this meeting contains no record of the proceedings. We disagree. The certified agenda complies
with section 551.103 in that it states (1) the subject matter of the deliberation (“to deliberate the
appointment, employment and duties of the Chief of Police; and return to open session for possible
action thereon”); (2) a record of any further action (“[unreadable] completed vis-a-vis selection
process – calendar to for [sic] interviews of finalists”); and (3) that the executive session began on
April 7, 2008 at 8:04 p.m. and concluded on the same date at 8:25 p.m. Therefore, we conclude no
TOMA violation occurred with regard to the April 7, 2008 meeting.
            The fifth meeting occurred on April 21, 2008 and appellant complains no notice was given
to the public that there would be any discussion about the chief of police position or that the names
of the finalists would be divulged. Appellant complains the City Manager announced, during the
meeting, the names of the five finalists, including that of Maldonado. According to appellant, this
was the first time the public had any notice that the deadline to apply had been extended and that
Maldonado had applied for the position. It is true that the notice of the meeting neither mentioned
nor alluded to the chief of police position. However, if, during a meeting of a governmental body,
a member of the governmental body inquires about a subject for which the required notice has not
been given, the notice provisions do not apply to the following: “(1) a statement of specific factual
information given in response to the inquiry; or (2) a recitation of existing policy in response to the
inquiry.” Id. § 551.042(a). The City Manager at the time, Carlos Villarreal, submitted his affidavit
in which he stated he attended the April 21, 2008 meeting, and during this meeting, he was asked
by the Mayor to report the names of the finalists, which he did. Villarreal also reminded the council
of an upcoming informal gathering to meet the finalists and of a council meeting to interview the
finalists. Section 551.042 also provides that “[a]ny deliberation of or decision about the subject of
the inquiry shall be limited to a proposal to place the subject on the agenda for a subsequent
meeting.” Id. § 551.042(b). In this case, no action was taken regarding the selection of a new police
chief. Because Villarreal’s statements were “of specific factual information given in response to [an]
inquiry” and no deliberation or decision was taken on the subject of the inquiry, we conclude no
TOMA violation occurred with respect to the April 21, 2008 meeting. 
            The sixth meeting occurred on April 24, 2008 and was held at a hotel. Appellant complains 
notice of this meeting was not posted on the internet. Under TOMA, the City of Laredo is required
to post notices of meetings on its internet website site. See id. § 551.056(a), (b) (Vernon Supp.
2009). In its motion for summary judgment, the City argued no notice was necessary because the
gathering on April 24th was not a “meeting” as that word is defined in the Government Code, but
was, instead, simply an informal “meet and greet” between members of the City Council and the
police chief finalists, with members of the media present. 
 
 
            TOMA defines a “meeting” as 
a gathering (i) that is conducted by the governmental body or for which the
governmental body is responsible; (ii) at which a quorum of members of the
governmental body is present; (iii) that has been called by the governmental body; 
and (iv) at which the members receive information from, give information to, ask
questions of, or receive questions from any third person, including an employee of
the governmental body, about the public business or public policy over which the
governmental body has supervision or control. . . . .

Id. § 551.001(4)(B).
            A “quorum” is defined as “a majority of a governmental body, unless defined differently by
applicable law or rule or the charter of the governmental body.” Id. § 551.001(6). On appeal,
appellant contends a fact issue was raised as to whether TOMA was violated with respect to the
April 24th “meeting” because on this date a quorum was present for “a gathering” “called by the
governmental body” and “conducted by the governmental body” at which the members of the
governmental body received information from, gave information to, asked questions of, or received
questions “from any third person” “about the public business or public policy over which the
governmental body has supervision or control.” 
            It is undisputed that the Mayor of the City of Laredo as well as members of the City Council 
attended the April 24th gathering. And there is no dispute that the Mayor and council members
spoke to the finalists. Appellant’s summary judgment affidavit lists the names of various attendees,
including the Mayor and council members. However, nothing in the summary judgment record
indicates who was present or who participated in any particular conversation. Also, there is no
evidence a majority of the members of the City Council posed questions to each finalist or a majority
of the members responded to questions posed by the finalists. Nothing in the record reveals the
specific nature of any conversation between an individual finalist and council member. Therefore,
there is no fact issue as to whether a “quorum” formed, nor is there a fact issue as to whether any
conversation between council members and finalists included information “about the public business
or public policy over which the governmental body has supervision or control.” Accordingly, we
conclude the City conclusively established that no “meeting” as defined under section 551.001(4)(B)
occurred at the hotel on April 24th and, accordingly, the failure to post notice of the gathering on the
City’s website did not violate TOMA.
            The seventh meeting, held on April 25, 2008, was the meeting at which the finalists were
formally interviewed by the City Council. The agenda for the meeting stated, under the caption
“Staff Report,” as follows: “Formal interview of prospective finalists for the position of Police Chief,
with possible action.” Appellant contends the agenda led the public to believe this would be a report
from the staff about interviews by staff, but instead, it was a meeting with live interviews before City
Council. Appellant’s argument overlooks a further statement in the agenda that “each candidate
would be given 15 minutes for questions and answers.” Therefore, we conclude the agenda was
sufficiently specific to alert the general public that live interviews would be conducted at the
meeting. 
            Appellant also contends the City Manager “invoked the rule” at the April 25th meeting and
the candidates were excluded from the room and only allowed into the room one at a time. 
According to appellant, TOMA does not provide for “invoking the rule.” The minutes of the April
25th meeting reveal no finalist objected to being excluded from the room during the interview of
another finalist. And, in his summary judgment affidavit, appellant, who was present as a finalist
for the interviews, does not state he raised any objection to the manner in which the interviews were
conducted. We therefore conclude TOMA was not violated with respect to the manner in which the
interviews were conducted.
            The final meeting about which appellant complains was held on May 12, 2008. At this
meeting, the City Council went into executive session to discuss the chief of police position. 
Appellant contends no “true and correct record” of the proceeding was kept. With an exception that
does not apply here, TOMA requires a governmental body to “either keep a certified agenda or make
a tape recording of the proceedings of each closed meeting . . . .” Id. § 551.103(a). Here, although
no tape recording was made of the closed meeting, the record contains a certified copy of the
executive session agenda. The certified agenda states the City Council went into executive session
to “deliberate the appointment, employment and duties of the Chief of Police” and that “no formal
action was taken” at the closed meeting. Therefore, we conclude TOMA was not violated with
respect to the May 12, 2008 meeting.
CONCLUSION
            We conclude the City of Laredo conclusively established that TOMA was not violated with
regard to any of the complained-of meetings; therefore, the trial court did not err in rendering
summary judgment in favor of the City. Accordingly, we overrule appellant’s issues on appeal and
affirm the trial court’s judgment.        
 
Sandee Bryan Marion, Justice